STATE v. BILL BRYANT.

(Filed 3 March, 1943.)

**1. Criminal Law § 80—**

A capital case will be docketed and dismissed for failure to perfect appeal, on motion of Attorney-General, after the Court has examined the record proper for errors on its face.

**2. Same—**

Where no appeal has been perfected, in a capital case, defendant's brief cannot be considered and his only course is to present the matter to the pardoning authorities.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

*Roy W. Davis for defendant, appellant.*

PER CURIAM. At the September Term, 1942, of Superior Court of McDowell County, the defendant, Bill Bryant, was tried upon indictment charging him with the murder of Joseph R. McNeely, which

resulted in conviction of murder in the first degree and sentence of death as the law commands.

From the judgment thus rendered, defendant gave notice of appeal to the Supreme Court. Defendant was given the privilege of appealing without bond, that is, *in forma pauperis.*

The Clerk certifies that the time for perfecting appeal has expired; that no case on appeal has been filed; and that he has inquired of counsel for defendant and has been informed by him that he does not intend to perfect the appeal. Hence, as the defendant has failed to prosecute his appeal, the motion of the Attorney-General to docket and dismiss must be allowed. *S. v. Phillips, ante,* 440, 23 S. E. (2d), 342. However, pursuant to custom in capital cases, we have examined the record proper to see that no error appears upon its face—and none is found on the present record. *S. v. Phillips, supra,* and numerous other cases.

The Clerk also certifies that "after the time for the perfecting of the appeal expired, counsel for the defendant left a short brief in" the Clerk's "office and asked that same be forwarded with the record if and when the record was called for," and the Clerk enclosed the brief with and under his certificate. Counsel debates therein the competency of a confession of defendant which, as stated in the brief was admitted in evidence on the trial in the Superior Court, and as to which counsel states that at the time of the trial he "had impression that the statement was voluntary, but since reviewing the evidence and reflecting on the matter, there appears some doubt about it." But as no case on appeal was filed in behalf of defendant, the evidence as to the alleged confession, and as to the circumstances under which it was made, does not appear in the record in this Court, and, hence, we have nothing before us on which to consider the challenge attempted to be made to the correctness of the ruling of the court below in admitting in evidence the alleged confession of defendant. Moreover, having failed to serve case on appeal and to perfect his appeal, defendant has lost his right to have the court review the trial except in so far as is revealed by the record proper. The only course now open is for defendant to present the matter to the pardoning authorities, who doubtless will thoroughly investigate the circumstances under which the alleged confession was made.

Judgment affirmed. Appeal dismissed.